IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID R. BUDD                                                                                              PLAINTIFF

vs.                                          Civil No. 3:13-cv-03008

CAROLYN W. COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

David R. Budd ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed his disability applications on October 8, 2009.  (Tr. 11, 137, 144). Plaintiff alleges being disabled due to Hepatitis C, COPD, asthma, and back problems.  (Tr. 180). Plaintiff alleges an onset date of January 1, 2006.  (Tr. 137, 144, 180).  These applications were denied initially and again upon reconsideration.  (Tr. 74-77).  Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on his applications, and this hearing request was granted. (Tr. 95-104).

On March 15, 2011, this hearing was held in Harrison, Arkansas. (Tr. 28-73). Plaintiff was present at this hearing and was represented by Frederick S. Spencer. *Id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 32). Plaintiff testified he had completed the ninth grade in high school and had no additional education. *Id.*

After this hearing, on August 30, 2011, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 8-23). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2008. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2006, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis of the cervical spine with associated chronic right shoulder pain, hepatitis C virus (HCV), asthma, generalized anxiety disorder, and antisocial personality disorder. (Tr. 13-15, Finding 3). The ALJ, however, also found Plaintiff's impairments, singularly or in combination, did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 15-16, Finding 4).

The ALJ then evaluated Plaintiff's subjective complaints and his Residual Functional Capacity ("RFC"). (Tr. 16-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not credible to the extent he alleged. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

>After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally climb ramps and stairs, he can never climb ladders, ropes and scaffolds, and he can only occasionally balance, stoop, kneel, crouch, and crawl.  He cannot perform overhead work with his right upper extremity, he can perform frequent but not constant reaching and handling in all other directions with his right upper extremity, and he must avoid even moderate exposure to temperature extremes, wetness, humidity, fumes, odors, dusts, gases and poor ventilation.  The claimant is further limited and can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct and concrete, and which does not involve contact with the general public.

*Id.*

Considering his RFC, the ALJ determined Plaintiff retained the capacity to perform his Past Relevant Work ("PRW") as a material handler. (Tr. 21-22, Finding 6).  The VE testified at the administrative hearing on this issue. *Id.*  Because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2006 through the date of his decision or through August 30, 2011. (Tr. 22, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7).  On December 4, 2012, the Appeals Council denied this request for review. (Tr. 1-3).  On January 11, 2013, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on February 8, 2013.  ECF No. 8.  Both Parties have filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ's RFC determination is not supported by substantial evidence in the record; and (2) the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 11 at 1-16.  After reviewing these arguments, the Court agrees with Plaintiff's first argument and finds the ALJ's RFC determination is not supported by substantial evidence in the record.  Accordingly, the Court will only address this issue.

In a social security disability case, the ALJ is responsible for determining a claimant's RFC based upon all of the relevant evidence.  *See Jones v. Astrue,* 619 F.3d 963, 971 (8th Cir. 2010).  The relevant evidence includes the claimant's own description of his or her limitations, the claimant's medical records, and observations of the claimant's treating physicians and others.  *Id.*  The ALJ's RFC determination must also be supported by "some" medical evidence.  *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012).

In the present action, Plaintiff underwent two physical consultative examinations.  The first

examination was on January 14, 2010. (Tr. 454-467). As a part of this evaluation, Dr. Shannon H. Brownfield, M.D. found Plaintiff had moderate limitations "globally" and had moderate to severe limitations with the use of his right upper extremity. *Id.* In his opinion, the ALJ restated Dr. Brownfield's findings and found they were "basically consistent with the conclusions reached in this [his] decision." (Tr. 20).

This determination was incorrect, and Dr. Brownfield's findings are not "basically consistent" with the conclusions reached in the ALJ's opinion. Indeed, in his opinion, the ALJ found Plaintiff could perform "*frequent* . . . reaching and handling in all other directions [apart from overhead] with his right upper extremity." (Tr. 17) (emphasis added). In contrast, Dr. Brownfield found Plaintiff had moderate to severe limitations with the use of his right upper extremity. (Tr. 454-467). It certainly does not appear such a conclusion of frequent use of his right upper extremity is "basically consistent" with Dr. Brownfield's findings of a moderate to severe restriction with his right upper extremity. The ALJ did not explain his reasoning on this issue, and without further explanation, the Court cannot find the ALJ was correct in his analysis of Dr. Brownfield's findings.

More problematic is the ALJ's analysis of Plaintiff's second consultative evaluation which was performed by Dr. Ted Honghiran, M.D. on March 30, 2011. (Tr. 584-587). As a part of this evaluation, Dr. Honghiran took x-rays of Plaintiff's lumbar spine and right shoulder. *Id.* After reviewing those x-rays, Dr. Honghiran found Plaintiff suffers from degenerative disk disease at the L4-5 and L5-S1 level of the lumbar spine, and, as a result, suffers from chronic lower back pain. *Id.*

Despite this objective testing and these objective findings regarding Plaintiff's back pain, the ALJ summarily discounted Dr. Honghiran's finding of chronic back pain. (Tr. 21). The ALJ stated he summarily discounted Dr. Honghiran's opinions because Dr. Honghiran also found Plaintiff was "not able to return to work," and the ALJ noted that finding is exclusively reserved for the SSA. *Id.*

While the ALJ is correct that the issue of disability is reserved for the SSA, the ALJ cannot use that finding as a basis for entirely disregarding all of Dr. Honghiran's other findings, including his objective support for Plaintiff's claim that he suffers from chronic lower back pain.

Upon review of the other medical evidence in this case regarding Plaintiff's limitations, the Court finds no other substantial support for the ALJ's conclusions regarding Plaintiff's limitations and his finding that Plaintiff retains the capacity for a limited range of light work.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of March 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE